Dear Representative Doutt:
This letter is in response to your question asking:
 "What is the allowable limit a candidate may spend in the upcoming April 2 election?"
The campaign expenditure provisions of the Missouri Campaign Finance and Disclosure Act, Section 130.010 et seq., RSMo, 1975, were held to be unconstitutional by the Missouri Supreme Court in its decision dated February 1, 1978, in the case of Labor's Educationaland Political Club-Independent, et al. v. Danforth, MissouriElections Commission, et al., No. 59806. As a result of such finding the court held that the remaining portions of this act were not severable and accordingly invalidated the entire law. The invalidated law had repealed, among other sections, Section 129.100, RSMo, which had set limits for expenditures by candidates for public office to be filled by popular election.
Ordinarily, where an act expressly repealing another act and providing a substitute therefor is held to be invalid the repealing clause is also held invalid. State ex rel. Crouse v. Mills,133 S.W. 22 (Mo. 1911). Thus the rule of law indicates that the provisions of Section 129.100 are in effect.
However, although we are of the view that Section 129.100 is still in effect we believe that the holding of the court in Labor'sEducational and Political Club-Independent v. Danforth, supra,
could arguably apply to Section 129.100. Although we are not prepared to say that Section 129.100 is unconstitutional under such holding, we are of the view that there are a number of arguments which could be made that Section 129.100 suffers from the infirmities found to exist in the Missouri Campaign Finance and Disclosure Act, Section 130.010, et seq., RSMo Supp. 1975, by the courts inLabor's Educational and Political Club-Independent v. Danforth,supra, and Buckley v. Valeo, 424 U.S. 1, 46 L.Ed.2d 659 (1976).
Very truly yours,
 JOHN ASHCROFT Attorney General